IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRENDA KOWALSKI, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No.: 2:24-cv-01484-CB |
| | : |
| ALLEGHENY HEALTH NETWORK, WEST PENN ALLEGHENY HEALTH SYSTEM, TIFFANY MORI, as an aider and abettor of discrimination, and LISA SNEAD, as an aider and abettor of discrimination, | : |
| | : |
| | : |
| | : ELECTRONICALLY FILED |
| | : |
| | : |
| | : |
| Defendants. | : |

**STIPULATION FOR PROTECTIVE ORDER**

Plaintiff Brenda Kowalski and Defendants Allegheny Health Network, West Penn Allegheny Health System, Tiffany Mori, and Lisa Snead, by and through their undersigned counsel, hereby stipulate and agree as set forth herein and respectfully move this Court to enter this Stipulation for Protective Order ("Protective Order") as a protective order pursuant to Fed. R. Civ. P. 26(c):

1. As used in this Protective Order, these terms have the following meanings:

    a. "Attorney" and "counsel" mean counsel of record;

    b. "Party" means any party to this civil action;

    c. "Document" and "material" means any material within the scope of Fed. R. Civ. P. 34;

    d. "Protected" documents and information is that which is produced or disclosed as part of discovery in this civil action and which a Party designates as "Confidential" pursuant to paragraph 2 or "Attorneys' Eyes Only" pursuant to paragraph 3 of this Protective Order;

    e. "Expert" means an expert retained by a Party in connection with the above-captioned civil action;

   f. "Outside Vendor" means any messenger, copy, coding, and other clerical-services vendors not employed by a Party or its Attorneys; and

   g. "Authorized Person" means any person or entity described in paragraph 2 or 3, depending on the designation for protection.

2. A Party may designate a document containing confidential personal, medical or psychiatric, personnel, financial, commercial, proprietary, trade secret, or other sensitive commercial information that is not publicly available as "Confidential" to protect information within the scope of this Protective Order and Fed. R. Civ. P. 26(c). "Confidential" designations must be clearly marked and visible on the face of the designated document or material. Access to any "Confidential" document shall be limited to the following Authorized Persons:

   a. the Parties;

   b. the Parties' Attorneys, including personnel of the Attorneys' law firms only as needed;

   c. the Parties' Experts and Outside Vendors;

   d. the Court and its staff;

   e. persons shown on the face of the document to have authored or received it;

   f. court reporters retained to transcribe testimony; and

   g. witnesses as agreed to by the Parties in writing or on the record at a deposition.

3. A Party may designate a document containing confidential personal, medical or psychiatric, personnel, financial, commercial, proprietary, trade secret, or other sensitive commercial information that is not publicly available as "Attorneys' Eyes Only" to protect information within the scope of this Protective Order and Fed. R. Civ. P. 26(c). "Attorneys' Eyes Only" designations must be clearly marked and visible on the face of the designated document or material. Access to any "Attorneys' Eyes Only" document shall be limited to the following Authorized Persons:

a.   the Parties' Attorneys, including personnel of the Attorneys' law firms only as needed;

b.   the Court and its staff;

c.   persons shown on the face of the document to have authored or received it;

d.   court reporters retained to transcribe testimony; and

e.   witnesses as agreed to by the Parties in writing or on the record at a transcribed proceeding, such as a deposition.

4.   All Protected documents, along with the information contained in the documents, shall be used solely for the purpose of this action in accordance with paragraphs 2 and 3. No person receiving Protected documents shall directly or indirectly use, transfer, disclose, or communicate in any way the documents or their contents to any person other than the Authorized Persons described in this Protective Order. Any other use is prohibited.

5.   Any deposition testimony regarding confidential personal, medical or psychiatric, personnel, financial, commercial, proprietary, trade secret, or other sensitive commercial information may be designated as Confidential pursuant to paragraph 2 or Attorneys' Eyes Only pursuant to paragraph 3. Such Protected designations for deposition testimony shall be made either on the record or by written notice to the other Party within 30 days of receipt of the deposition transcript. Any deposition testimony, or portion thereof, designated as Confidential or Attorneys' Eyes Only on the record shall be taken only in the presence of appropriate Authorized Persons. Deposition testimony shall be protected as Confidential during the 30-day period following receipt of the transcript, unless the deposition testimony is designated as Attorneys' Eyes Only on the record or in writing, or as the Parties may otherwise agree in writing.

6.   Any producing Party that inadvertently fails to designate documents as Protected shall, promptly upon discovery of its oversight, provide written notice to the receiving Party of the error and substitute appropriately designated documents. Within seven (7) days of its receipt of

the substitute documents, the receiving Party shall verify in writing to the producing Party that the receiving Party has retrieved all previously produced copies of the Protected documents that do not have the intended designations marked thereon, including such copies that might have been disclosed to persons who are not Authorized Persons, and has returned or destroyed the inadvertently produced copies. Any inadvertent production of any Protected document or information without the intended designation marking shall otherwise be governed by Fed. R. Evid. 502 or as otherwise ordered by the Court.

7. If a Party intends to file with the Court any document, deposition testimony, exhibit, pleadings, briefs, written discovery responses, memoranda, writing or other information subject to a Protected designation, and if no statute or Court rule authorizes the filing of the same under seal, the Party shall, in advance of such filing, seek leave from the Court to file under seal said Protected information. To the extent that the Court requires the filing Party to file a publicly available, redacted copy of said Protected materials or information, the filing Party shall redact all information that is subject to the Protected designation and, in the event of any uncertainty, shall confer with the designating Party to identify the information that is subject to the Protected designation. To the extent there is any dispute relating to this paragraph, the disputing Party will confer with the other Party before seeking the Court's involvement in the matter. If the Parties do not agree in writing to a resolution of the dispute, the disputing Party may move the Court for appropriate relief.[*]

[*] Any requests for judicial intervention contemplated herein also are governed by § III.B.3 of Judge Bissoon's Ps & Ps, requiring telephonic conference before proceeding to motions practice. Requests to file under seal also shall comply with this Court's ECF Ps & Ps regarding the same.

8. Any Party may request a change in the designation of any Protected document or material. Any such document shall be treated as designated until the change is completed. The Party will confer with the other Party as to the designation request before seeking the Court's

involvement in the matter.  If the Parties do not agree in writing to the requested change in designation, the Party seeking the change may move the Court for appropriate relief.

9. Within ninety (90) days after the termination of this action, including any appeals, each Party shall either destroy or return all Protected documents, including all copies of such documents, to the producing Party and shall destroy all extracts and/or data taken from such documents.  Each Party shall provide a certification as to such return or destruction within the 90-day period.  Each Party's Attorneys, however, shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with this civil action.

10. Any Party may apply to the Court for a modification of this Protective Order after conferring in good faith with the other Party, and nothing in this Protective Order shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

11. Nothing in this Protective Order shall waive or limit a Party's right to disseminate or disclose its own Protected information.  Rather, the limitations imposed by this Protective Order apply to the opposing Party that receives the Protected information.

12. Any third party that produces documents or gives testimony in this civil action in response to a subpoena or otherwise may designate disclosed documents and information as Protected pursuant to this Protective Order.  In so doing, said third party shall be subject to all provisions of this Protective Order as though they were a Party to this civil action.

13. This Protective Order shall not constitute a concession by any Party that any documents are subject to protection by the attorney-client privilege, the work product doctrine, or any other potentially applicable privilege or protection.

14. This Protective Order shall not constitute a waiver or limit a Party's right to contest any privilege or protection claim that may be asserted with respect to materials produced except to the extent stated herein.

15. No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in this civil action or of any position as to discoverability or admissibility of evidence.

16. This Protective Order is not intended to hinder in any way the use of Protected documents by the Court or its staff for the purpose of judicial administration.

17. The obligations imposed by the Protective Order shall survive the termination of this action.

18. The Parties jointly and respectfully request that this Court enter this Protective Order as a protective order pursuant to Fed. R. Civ. P. 26(c).  A proposed Order is attached.

**STIPULATED TO**:

| | |
|---|---|
| /s/ Joel S. Sansone | /s/ Joshua R. Sallmen |
| Joel S. Sansone (PA41008) | Mariah H. McGrogan (PA318488) |
| Massimo A. Terzigni (PA317165) | Joshua R. Sallmen (PA325948) |
| Elizabeth A. Tuttle (PA 322888) | Reed Smith LLP |
| Law Offices of Joel Sansone | 225 Fifth Avenue |
| Two Gateway Center, Suite 1290 | Pittsburgh, PA 15222 |
| 603 Stanwix Street | Telephone:  412-288-3152/5446 |
| Pittsburgh, PA 15222 | Facsimile:  412-388-3063 |
| Telephone:  412-281-9194 | Email:  mmcgrogan@reedsmith.com |
| Facsimile:  412-249-9123 |            jsallmen@reedsmith.com |
| Email:  jsansone@joelsansonelaw.com | |
| | Counsel for Defendants |
| Counsel for Plaintiff | |

Dated:  December 2, 2025

The Stipulated Protective Order is APPROVED, with non-substantive additions after paragraph 7.

Entered:  December 3, 2025                                             s/Cathy Bissoon
                                                                                    United States District Judge